**BURRUS MILL & ELEVATOR CO. v. WILLS et al.**

No. 1565.

Court of Civil Appeals of Texas. Waco.

June 13, 1935.

Rehearing Denied Sept. 19, 1935.

Cantey, Hanger & McMahon, of Fort Worth, and Tirey & Tirey and Gene Madden, all of Waco, for appellant.

Vernon Goodall and Harold J. Stafford, both of Waco, for appellees.

GALLAGHER, Chief Justice.

This is an appeal from an order of the district court refusing a temporary injunction. Appellant, Burrus Mill & Elevator Company, a corporation, has its office and conducts its business in Fort Worth, Tarrant county. Appellees Jim Rob Wills, Thomas Elmer Duncan, and Kermit Whalen reside in McLennan county. Appellant is engaged in operating a flour mill, buying wheat, grinding it into flour and certain byproducts, and selling the same on the market. Appellant, many years ago, adopted as a trade-mark for its flour the words "Light Crust" and registered the same under the provisions of both state and federal statutes. It now enjoys a large and lucrative business from the sale of its flour under said name. Appellant, in January, 1931, decided to advertise its said flour by a daily entertainment by radio. Appellees are proficient in singing popular songs and playing stringed instruments. Appellee Wills, with his associates at the time, had theretofore, under the name of "Wills' Fiddle Band" and "Fort Worth Doughboys," furnished music for special occasions and had broadcast programs by radio from several stations in North Texas. Negotiations resulted in the employment by appellant of appellee Wills and his associates to sing and play for the entertainment of the public at its regular daily broadcasts. Shortly thereafter, at the suggestion of appellee Wills and his associates, they were advertised in such broadcasts as "Light Crust Doughboys." Subsequently some of appellee Wills' associates withdrew from the organization and appellees Duncan and Whalen took their places. Appellees severed their connection with appellant voluntarily in September, 1933. During approximately the whole time from January, 1931, until September, 1933, appellees, as entertainers at appellant's advertising broadcasts, were known and announced as the "Light Crust Doughboys." Appellant, after appellees retired from its service, employed other performers and continued to broadcast programs under the same name, and it still does so. Appellees, after their retirement from appellant's employment, continued their association in the role of public entertainers. They first called their organization "Bob Wills' Fiddle Band," and later, "Bob Wills and his Playboys." In circulars, placards, and other advertisements of their public performances they added as further identification, "formerly Light Crust Doughboys." Under that name appellees have broadcast musical programs, made stage appearances, and played for public dances.

Appellant thereupon filed this suit and alleged the adoption, use, and filing of its trade-mark as hereinbefore recited. Appellant further alleged that it had sponsored radio programs as a means of advertising its flour; that in presenting such programs it had called the performers therein "Light Crust Doughboys"; that

such performers thereby became created characters; and that their designation as such had, as a result of extensive and long continued use, acquired a secondary meaning in the minds of the public and constituted a trade-name to the exclusive use of which it was entitled. Appellant further alleged that the use by appellees of said trade-name in the manner hereinbefore recited constituted unfair competition and an infringement of its rights. Appellant further alleged that the action of appellees in advertising themselves as former or formerly Light Crust Doughboys had led the public to believe that it was sponsoring or approving public dances and had injured it in various other ways, to its damage in the sum of $10,000. Appellant prayed for immediate issuance of a temporary injunction, restraining appellees and each of them "from advertising or using the name of Light Crust Doughboys, or formerly the Light Crust Doughboys; or similar names or language in any form of entertainment whatsoever," and the perpetuation of such injunction on final hearing. The court granted a temporary restraining order in accordance with such prayer and set the application for formal hearing. Such hearing was subsequently had, and at the conclusion thereof the temporary injunction sought by appellant was denied. Hence this appeal.

## Opinion.

Appellant, by various assignments of error, contends that any reference by appellees in their advertisements to their long service as public entertainers under the name "Light Crust Doughboys" constitutes an infringement of its rights as the creator and prior user of the name "Light Crust Doughboys" to designate a group of entertainers broadcasting programs advertising its flour and other products. Appellant contends that such advertisements induced, or were reasonably calculated to induce, the public to believe that it' was in some way connected with or responsible for the entertainments presented by appellees and to associate the same in their minds with appellant's flour and other products, and that such association was injurious to it in many ways. Appellant in this connection claimed that it always supervised the programs presented by appellees for it under said name, and had required such programs to be unobjectionable and highclass; that in its broadcasts all controversial subjects were excluded; and that such broadcasts were furnished by it at its own expense as a courtesy to the public. Appellant further claimed that it had prohibited appellees during their employment by it from playing for dances because many people opposed dancing, and appellant was seeking the favor and patronage of both those who indulged therein and those who opposed same. Appellant contended that it was injuriously affected in public favor by the action of appellees in playing for public dances, in presenting promiscuous programs of their own selection, and in charging an admission fee for their entertainments.

Appellant, in support of its contention that the action of appellees in advertising in connection with their public performances that they were formerly "Light Crust Doughboys" constituted an infringement of its right to the exclusive use of such name, has cited many authorities on the general subject of trade-marks, trade-names, and unfair competition, and the right of those entitled to the exclusive use of such marks and names to have the unauthorized use of the same by another restrained by injunction. None of the same have any special application to the issue involved in this suit. No fraud nor imposition upon appellant nor deception of the public is involved in the advertisements complained of by it. While appellant also charged in its petition that appellees were advertising themselves as "Light Crust Doughboys" and their programs as presented by such organization, there was no testimony introduced that they, or any of them, ever authorized, consented to, or knowingly permitted such advertisements. They specifically denied any purpose to so advertise themselves in the future. There is no contention that any of appellees' activities were in any way even remotely related to the sale of flour in competition with appellant's trademark product. Appellant's allegations of injury as above recited do not include any such claim. Comprehensively speaking, the gist of appellant's contention is that appellees' activities were reasonably calculated to discredit it and thus indirectly affect the sale of its flour. Before any such effect could be reasonably attributed to appellees' activities, it must be shown that their advertisements in some way indicated or implied that appellant was sponsoring or authorizing the same. We

think that an identifying reference in appellees' advertisements of their performances, to the effect that they were formerly members of the group or organization known as "Light Crust Doughboys," not only fails to imply any present responsibility on the part of appellant therefor, but in effect excludes any such responsibility.

Appellant broadcast radio programs by a group of performers which it chose to call "Light Crust Doughboys." It employed individuals, including appellees, as singers and musicians to present such programs under that name. Appellant was the employer and appellees were employees. Absent some contractual agreement to the contrary, we know of no rule of law prohibiting appellant from announcing and advertising from time to time the individual names of the singers and musicians employed in presenting its programs. Neither, absent such agreement, do we know of any rule of law prohibiting its employees so engaged from announcing and advertising that they are members of the group of performers presenting such programs. It is true appellant introduced testimony that it had prohibited its employees, during their service as such, from playing for dances, which action was apparently acquiesced in by appellees while they remained its employees. Such prohibition and acquiescence on the part of appellees were contractual in their nature. There is no contention in this case that appellees agreed with appellant not to announce or publish that they had taken part in presenting its programs after they retired from its employment. The general right of a retiring partner or employee engaging in business for himself to announce and advertise his former business connection is stated in 32 C. J. p. 161, § 218, as follows: "One who has formerly been associated in business with another as partner or as employee may on setting up a separate business for himself make a public announcement of this fact by putting up a sign so stating on his shop front, and an injunction will not lie to restrain him from doing so. However, he will be restrained from doing this in a manner calculated to lead to the belief that he is carrying on the business of the old firm." The cases of Hookham v. Pottage, L. R. 8 Ch. 91, and Van Wyck v. Horowitz, 39 Hun, 237, are cited in support of the text quoted. See, also, in this connection, Peerless Pattern Co. v. Pictorial Review Co., 147 App. Div. 715, 132 N. Y. S. 37. We think the rule so stated is correct; that the same is applicable in this case and should control the disposition of this appeal.

The trial court's action in refusing a temporary injunction is affirmed.